UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERESA GUIDRY,

      Plaintiff,

v.                                      Case No.  2:21-cv-96-SPC-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. [§] 2412(d) ("Petition") (Doc. 35).  Plaintiff makes a timely request for an award of $8,109.38 in attorneys' fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (*Id.*)  For the reasons stated herein, it is respectfully recommended that the Petition be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id*.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

The EAJA sets forth the following requirements for the award of fees:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. In addition, the EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand (*see* Docs. 33 & 34), is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make the award unjust. In addition, Plaintiff states that her net worth is less than $2,000,000. Thus, an award of attorney's fees under the EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, the EAJA requires that the fees be "reasonable" and provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The Petition reflects that Plaintiff's attorneys' rate was $216.25 for work done in 2021. (Doc. 35 at 3.) As this rate is higher than the statutory maximum, Plaintiff's attorneys are seeking a cost of living adjustment. Defendant does not object to the requested rate. In light of the lack of opposition, the Court finds this hourly rate reasonable and the cost of living adjustment warranted.[2] The Court also finds reasonable the total number of hours spent by Plaintiff's attorneys on the case. (*See id.*; *see also* Doc. 35-1 at 12-13.) The Court thus finds that $8,109.38 ($216.25 x 37.5 hours) is a reasonable amount for attorneys' fees in this case.

The parties agree that after the Court awards EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government. (*Id.*) If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the Government will

---

[2] Were this hourly rate contested, the Court's determination regarding the reasonableness of the rate might be different.

accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel, Carol Avard. (*See* Doc. 35 at 3; *see also* Doc. 35-2.)

Accordingly, it is **RECOMMENDED** that:

1. The Petition (**Doc. 35**) be **GRANTED**.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant in the amount of $8,109.38 for attorneys' fees.

3. The Commissioner be directed to determine whether Plaintiff owes a debt to the government; if the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the Government be directed to accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel, Carol Avard.

**DONE AND ENTERED** at Jacksonville, Florida, on January 6, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Sheri Polster Chappell
United States District Judge

Counsel of Record

4